UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-395-GWU

CRAIG SMITH, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). It is currently before the Court on cross-motions for summary judgment; critically, the plaintiff has also filed a motion to remand under sentence six of 42 U.S.C. Section 405(g).

### STANDARDS APPLICABLE TO MOTIONS TO REMAND

In assessing the separate motion to remand, it must be noted the pertinent federal statute provides that:

> The Court may . . . at any time order additional evidence to be taken before the Secretary, <u>but</u> <u>only</u> upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

42 U.S.C. Section 405(g) (emphasis added).

1

While "good cause" for failure to incorporate such evidence might be established when the additional records were not compiled until after the administrative hearing, <u>Oliver v. Secretary of Health and Human Services</u>, 804 F.2d 964, 966 (6th Cir. 1986), the fact that the plaintiff did not seek to have the record remain open to be able to submit evidence mitigates against such a finding, <u>Willis v. Secretary of Health and Human Services</u>, 727 F.2d 551, 554 (6th Cir. 1984).

To be "material", the documents must be "both relevant and probative", "bearing directly and substantially on the matter in dispute", or "likely to have produced a different administrative result". <u>Huffler v. Heckler</u>, 59 F. Supp. 626, 627 (S.D. Ohio 1984).  In order to satisfy this materiality criterion, the claimant must demonstrate that there is a reasonable probability that the Administrative Law Judge (ALJ) would have reached a different conclusion if presented with the new evidence. <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 711 (6th Cir. 1988).  In determining whether to remand a case, the Sixth Circuit Court of Appeals has distinguished between new evidence of the claimant's condition at the time of the administrative hearing and evidence of a subsequent deterioration or change in his condition.  The former is deemed material; the later is not.  <u>See</u> <u>Sizemore</u>, 865 F.2d at 712.

## DISCUSSION

Smith suffered from the residuals of an AV fistual and resultant brain surgery. He has submitted a June 7, 2006 letter from his long-time treating physician during his rehabilitation, Dr. Gerald Klim of the Cardinal Hill Healthcare system, in

2

conjunction with his motion to remand. Said letter indicates that the plaintiff was not capable of work due to his continued cognitive problems, and needed supervision out of doors even at home. It refers to a last office visit of March 27, 2006 in which a Mini Mental Status Evaluation was conducted. Thus, the information was from a long-term treating source, suggested more restriction than the ALJ had credited, and related to information within the critical time frame; thus, it was "material."

Moreover, there was good cause for failing to submit this particular piece of information at an earlier point in time. The June 7, 2006 statement was obtained apparently by the plaintiff's wife approximately one week or so (Tr. 566) after the ALJ's decision would have been received. The ALJ had not noted or reacted to the same doctor's earlier-submitted assertion that the plaintiff would have difficulty understanding or remembering directions and instructions, albeit not in conjunction with the issue of disability under the Social Security system, or the physician's referral of the patient to an insurance disability program. (Tr. 415, 427). See Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004).

The case will be remanded for further consideration of the additional evidence. This the 10th day of April, 2007.



Signed By:

_G. Wix Unthank_

United States Senior Judge